UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELODY JOY BAKER,

                              Plaintiff,

                    -against-

DEPARTMENT OF VETERANS AFFAIRS
COMPENSATION AND PENSION,

                              Defendants.

1:23-CV-1067 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Melody Joy Baker, who is appearing *pro se*, filed this action invoking the court's

federal question jurisdiction.[1] She sues the "Department of Veterans Affairs Compensation and

Pension," which the Court understands to be the United States Department of Veterans Affairs.

("VA"). Plaintiff asserts that the federal law basis for her claims is that she is "entitled to a 10

year set back date, per a decision dated [September 29, 2005], and ha[s] been denied it

repeatedly." (ECF 2, at 2.)

        By order dated February 8, 2023, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court dismisses this action.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

---

        [1] On March 31, 2023, the Court received from Plaintiff a letter with attachments.
(ECF 5.) The Court construes that letter and its attachments as a supplement to the complaint.

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the events that are the bases for her claims occurred in California

and in New York, in April and September 2005, and have continued to the present. She also

alleges that:

> [s]ince 2005[,] [she has] been filing for [her Posttraumatic Stress Disorder
> ("PTSD") and Military Sexual Trauma ("MST") benefits] with the VA, and for
> many years was denied, with many reasons given. [Plaintiff] was even accused of
> having never served, was crazy, and ridiculed in every way possible. Then, in
> 2015, [she] received [her] 100% serviced-connected PTSD-MST [benefits], but
> was only given 6 months retro[active] pay, i.e., backpay. In 2021, [Plaintiff] found
> that in fact, [she] was entitled to 10 years retro[active] pay, and proceeded to file a
> claim for it. But [she] was and continue[s] to be denied, despite documents to the
> contrary.

(ECF 2, at 5.) Plaintiff further alleges that the VA "attempted to have [her] found medically and

mentally incompetent, but on December 27, 2022, [she was] found . . . to be 100% medically and

mentally compe[t]ent." (*Id.* at 6.)

Plaintiff seeks the following relief: "[her] 10 year set back date, and to receive [her] full

retro[active] pay, of which [she is] entitled to, as well as all benefits." (*Id.*)

## DISCUSSION

### A.    Judicial review of veterans' benefits claims

The Court must dismiss Plaintiff's claims because the Court lacks subject matter

jurisdiction of this matter. In 1988, Congress enacted the Veterans' Judicial Review Act

("VJRA"), establishing judicial review procedures for veterans' benefits determinations. *See* VJRA, Pub. L. No. 100-687, 102 Stat. 4105, 4113 4121 (1988) (codified in 38 U.S.C.), *as amended*; *see Henderson ex rel. Henderson v. Shinkseki*, 562 U.S. 428, 432 (2011); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992). Under the VJRA, the benefits determinations of the Secretary of Veterans Affairs may be appealed to the Board of Veterans' Appeals, whose decisions may be appealed to the United States Court of Appeals for Veterans Claims, and then to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 7104, 7252, 7292. This review structure excludes federal district courts from reviewing disputes involving veterans benefits. *See* 38 U.S.C. § 511; *Capezza v. Brown*, 159 F.3d 1345 (2d Cir. 1998) (table decision); *Larrabee by Jones*, 968 F.2d at 1501 ("Although district courts continue to have 'jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA.") (italics in original, citation omitted); *Kramer v. Shulkin*, No. 16-CV-6174 (WHP), 2017 WL 4350322, at *1 (S.D.N.Y. May 19, 2017); *Philippeaux v. United States*, No. 10-CV-6143 (NRB), 2011 WL 4472064, at *5 (S.D.N.Y. Sept. 27, 2011). In short, the VJRA divests federal district courts of jurisdiction to review claims regarding the provision of veterans' benefits. *See Veterans for Common Sense v. Shinseki,* 678 F.3d 1013, 1023 (9th Cir. 2012) ("In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA.").

Here, Plaintiff seeks to challenge the VA's decision(s) in connection with her claim of entitlement to veterans' benefits. To do so, however, she must follow the procedures laid out in the VJRA. Because this system of review excludes the federal district courts, Plaintiff's claims

1067-LTS   Document 6   Filed 05/04/23   Page 4 of 5

are dismissed without prejudice for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

**B.   Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] This is not the first time that a federal district court has informed Plaintiff that it lacks subject matter jurisdiction to consider her claims for judicial review regarding VA action as to her entitlement to veterans' benefits. *See Baker v. Dep't of Veterans Affairs*, No. 5:19-CV-1056, 2019 WL 5225673 (N.D.N.Y. Aug. 29, 2019) (recommending dismissal without prejudice for lack of subject matter jurisdiction, but also recommending granting leave to amend, Plaintiff's claims for judicial review of the VA's denial of her claims for veterans' benefits, including her claim that, "after she was awarded benefits in 2015, she was only given six months retroactive pay, instead of the full 28 years[']" worth of backpay), *report & recommendation adopted*, 2019 WL 5212794 (N.D.N.Y. Oct. 16, 2019) (judgment issued Mar. 18, 2020).

4

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 4, 2023
         New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge