UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELODY JOY BAKER,

                    Plaintiff,

-against-

DEPARTMENT OF VETERANS AFFAIRS
COMPENSATION AND PENSION,

                    Defendant.

1:23-CV-1067 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment issued and entered on May 4, 2023, the Court dismissed this *pro se* action for lack of subject matter jurisdiction. (ECF 6 & 7.) On August 8, 2023, Plaintiff filed a declaration styled as a "motion to reopen." (ECF 8.) The Court construes that submission as a motion for relief from a final order or judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including liberal construction of papers,] relaxation of the limitations on the amendment of pleadings, [leniency in the enforcement of other procedural rules, and] "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him.") (citations omitted). After reviewing Plaintiff's arguments, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, but even under a liberal interpretation of her motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff Rule 60(b) relief, to the extent that she seeks relief under Rule 60(b)(1) through (5).

In addition, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985) (internal quotation marks omitted)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Plaintiff does not demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff all relief under Rule 60(b).

## CONCLUSION

The Court construes Plaintiff's "motion to reopen" (ECF 8) as a motion for relief for a final order or judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and the Court denies that motion.

This action is closed. The Court directs the Clerk of Court to accept for filing in this action only those documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 19, 2023
           New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge